Sosa et al. *v.* Arzuaga et al.

Apelación procedente de la Corte de Distrito de San Juan, Sección 2ª.

No. 708.—Resuelto en noviembre 29, 1911.

Acción Reivindicatoria—Indebida Acumulaión de Partes Demandadas.—En una acción reivindicatoria como la presente en la cual se solicita la nulidad de varias escrituras y la cancelación de varias inscripiones en el registro, es indispensable incluir como partes demandadas todas aquellas personas que intervinieron en el otorgamiento de los documentos cuya nulidad se pide y a favor de quienes se practicaron las inscripciones en el registro, careciendo por tanto de fundamento alguno la excepción previa de indebida acumulación de partes demandadas fundada en este caso en que solamente Ignacio Arsuaga ha debido ser incluído como demandado.

Id.—Responsabilidad de un Mandatario—Su Inclusión como un Demandado— Fraude, Culpa o Negligencia de un Apoderado.—De acuerdo con el precepto legal de que todo el que por medio de fraude, culpa o negligencia, causa daño a otro, está obligado a reparar el daño causado, cuando un mandatario ha causado tales daños está obligado a repararlo y en este sentido no sólo puede incluirse como demandado sino que es parte indispensable en el caso de autos para que pueda resolverse el asunto por completo.

Id.—Suficiencia de la Demanda.—Examinada la demanda en el caso de autos el Tribunal Supremo resolvió que aducía hechos bastantes para constituir una causa de acción, siendo por tanto improcedente la excepción previa aducida contra ella de que no expresaba hechos bastantes para constituir una causa de acción.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. José E. Benedicto.*

Abogado de los apelados: *Sr. Eduardo Acuña.*

El Juez Asociado Sr. MacLeary, emitió la opinión del tribunal.

Esta es una acción entablada para reivindicar una parcela de terreno y para que se anulen ciertos documentos que en ella se describen y para obtener daños y perjuicios y para que se conceda el remedio general.

Se declararon con lugar excepciones a la demanda y enseguida se dictó sentencia a favor de los demandados, con las costas. Como el caso se resolvió sobre la excepción previa, se hace necesario un examen de las alegaciones, las que serán expuestas extensamente. La demanda dice así:

"Comparecen ahora ante esta Hon. Corte los demandantes arriba nombrados, por medio de su abogado que suscribe, y haciendo uso del derecho que se les ha conferido presentan esta demanda enmendada contra los demandados que arriba se indican y como causa de acción exponen los siguientes hechos:

"1. Que los demandantes constituyen la Sucesión de Don Manuel Sosa Gil en la siguiente forma: Los cuatro primeros son sus hijos legítimos; los cuatro siguientes y Faustino Sosa son hijos de Fernando Sosa quien a su vez lo era de Don Manuel Sosa Gil; José, Elisa, y Carmen Baquero y Sosa son hijos de Segunda, quien era hija del referido Fernando Sosa; los cinco hermanos Araujo y Sosa son hijos de Emilia Sosa, que era hija de Manuel Sosa Gil, y Bruno y Evangelista son hijos de José Encarnación Sosa, hijo éste del causante comun Don Manuel Sosa Gil.

"II. Que Don Manuel Sosa Gil era único y legítimo dueño de la siguiente finca:

" 'Rústica: Estancia radicada en el barrio de Canovanillas de Trujillo bajo, hoy de la jurisdicción de la Carolina, compuesta de ciento setenta cuerdas de terreno, equivalentes a 66 hectáreas, 81 áreas y 66 centiáreas, colindante por el norte con el Río Grande de Loíza; por el

sur con tierras de la Sucesión de Francisco Barreto; por el este con las de Josefa Cabrera y Lorenzo Bablot, y por el oeste con terrenos de Epifanio Vizcarrondo.''

''Cuya finca fué inscrita a su favor en el registro de la propiedad de esta ciudad.

''III. Que por escritura de 24 de febrero de 1895, otorgada ante el Notario Don Leandro Lara, Don Manuel Sosa Gil vendió a Don Ignacio Arzuaga Izaguirre la finca antes descrita por el precio de dos mil dollars.

''IV. Que por mutuo acuerdo de los otorgantes quedó esta venta ineficaz y sin valor alguno, habiéndolo así reconocido el mismo Don Ignacio Arzuaga en su testamento otorgado el veinte y cuatro de mayo de 1895 ante el Notario Don Leandro Lara y Tomé, en el que, entre otras disposiciones hizo constar que aunque figuraban a su nombre dos fincas rústicas que describe, una denominada Sagrario y otra Canovanillas, siendo ésta la misma que se ha descrito anteriormente en esta demanda, esas dos fincas no le pertenecían, por lo que ordenó a sus albaceas testamentarios que al ocurrir su fallecimiento, sin él no haberlo hecho antes, otorgasen escrituras de venta de dichas dos fincas a favor de Don Juan Cabeza Barroso y de Manuel Sosa Gil, o de sus legítimos representantes respectivamente, cuyo precio confesó el testador tener recibido de ambos interesados, debiendo ser así reconocido al otorgarse las correspondientes escrituras.

''V. Que por escritura de trece de mayo de 1897, Don Pedro Arzuaga como apoderado de Don Ignacio Arzuaga Izaguirre, vendió a Don Juan Cabeza Barroso la estancia denominada Sagrario, confesando que el precio de la venta lo tenía recibido con anterioridad su poderdante.

''La otra finca denominada Canovanillas corrió muy distinta suerte, siendo objeto de este pleito.

''VI. Que Don Manuel Sosa Gil falleció en 23 de febrero de 1897 bajo disposición testamentaria otorgada el día 13 de abril de 1896 ante Don Leandro Lara, en cuyo testamento nombró albacea en primer lugar a Don Ignacio Arzuaga y en

segundo término a Don Francisco Yeregui, ambos demandados en este pleito.

"VII. Que en 15 de marzo de 1897 el albacea Francisco Yeregui procedió en unión de algunos de los herederos del Señor Sosa Gil a practicar la división de los bienes relictos al fallecimiento de aquél, omitiéndose en el inventario la finca antes descrita y expresándose que el Sr. Sosa Gil no tenía otros bienes, a pesar de que el albacea Yeregui sabía perfectamente que era también dueño de la referida finca de la que sólo faltaba el otorgamiento de la correspondiente escritura.

"VIII. Que los herederos de Don Manuel Sosa no tuvieron conocimiento de la declaración hecha por Don Ignacio Arzuaga en su testamento, por lo que creyeron de buena fe las engañosas manifestaciones hechas por el albacea Francisco Yeregui en la escritura particional, pero tan pronto tuvieron conocimiento los demandantes de la verdad de los hechos, a mediados del año 1904, reclamaron enseguida a los demandados la devolución de lo que legítimamente les corresponde, sin haberlo podido obtener.

"IX. Que en 24 de abril de mil ochocientos noventa y siete Don Pedro Arzuaga en su carácter de apoderado de Don Ignacio Arzuaga y por escritura ante el notario Don Leandro Lara voluntaria y maliciosamente y apartándose de las instrucciones que tenía recibidas de su poderdante, vendió al demandado Francisco Yeregui, quien continuaba aún en el ejercicio del albaceazgo de los bienes de Don Manuel Sosa Gil, siendo además empleado de Don Ignacio Arzuaga, la finca anteriormente descrita, haciendo figurar en la escritura el precio de dos mil pesos que el apoderado dijo había recibido con anterioridad a dicho acto.

"X. Que algún tiempo después de haber adquirido Don Francisco Yeregui en la forma antes indicada, la finca que hoy reclaman los demandantes, por escritura ante Don Mauricio Guerra, la traspasó a su concubina Doña Victoria Bolker, haciéndose constar en dicho documento que el traspaso se verifi-

caba por la suma de diez mil pesos que confesó recibidos el
Sr. Yeregui.

"XI. Que en las ventas otorgadas por Pedro Arzuaga a
favor de Yeregui y por éste a favor de Victoria Bolker no
medió precio alguno, pues aunque en las escrituras se ha he-
cho figurar una cantidad de dinero como precio de la venta,
ninguno de los dos compradores entregó cantidad alguna al
vendedor, siendo dichas ventas ficticias, a título gratuito y
con el único objeto de perjudicar a los demandantes, impi-
diéndoles o dificultándoles reclamar su propiedad.  Victoria
Bolker no tenía ni tiene oficio ni profesión alguna, careciendo
por completo de recursos.

"XII. Que Pedro Arzuaga tenía instrucciones terminan-
tes de su poderdante Don Ignacio Arzuaga para traspasar a
Don Manuel Sosa Gil la finca anteriormente descrita, cuyo
precio había recibido ya desde mucho antes, y dicho apode-
rado, apartándose por completo de las instrucciones recibidas
y obrando de su cuenta y riesgo, verificó las operaciones antes
indicadas con notorio perjuicio del verdadero dueño de la
finca que había pagado a Don Ignacio Arzuaga el total valor
de la misma.

"XIII. Que todos los demandantes tenían perfecto conoci-
miento de que la finca, objeto de este litigio, era de la Suce-
sión Sosa Gil y no de Ignacio Arzuaga, y que al verificar las
operaciones antes indicadas obraban a ciencia y conciencia de
que hacían mal, para privar a los demandantes de sus legíti-
mos derechos.

"XIV. Por información y creencia alegan los demandan-
tes que Don Pedro Arzuaga y Don Francisco Yeregui disfru-
tan en la actualidad de la finca, objeto de esta reclamación,
la que aparece a favor de Victoria Bolker, explotándola a su
antojo bien en sus nombres particulares o formando una so-
ciedad, reteniendo para sí todos sus productos y utilidades sin
que hayan tenido que desembolsar cantidad alguna por ella,
pues la adquieron por el fácil procedimiento a que se contraen
los apartados anteriores.

"XV. Que los demandantes estiman el valor de la finca que ilegalmente les han quitado los demandados, en la suma de quince mil dollars y los productos de la misma a contar desde la fecha de la escritura de partición o sea el 15 de marzo de 1897 hasta la interposición de la demanda, en veinte y dos mil quinientos dollars.

En mérito de todo lo expuesto á esa, Hon. Corte suplican se sirva dictar sentencia a su favor y en contra de los demandados, conteniendo los siguientes pronunciamientos:

Primero. Que los demandantes son dueños de la finca antes descrita por haber rescindido la escritura de venta de 24 de febrero de 1895, sus otorgantes Manuel Sosa e Ignacio Arzuaga.

Segundo. Que es nula la manifestación hecha en la escritura de partición de no existir otros bienes, por obedecer a un error de hechos y engaño manifiesto.

Tercero. Que son nulas las escrituras de 24 de abril de 1897 y 29 de enero de 1899 por ser simuladas y otorgadas con el único fin de privar a los demandantes de su finca.

Cuarto. Que como consecuencia de los anteriores pronunciamientos, se ordene la cancelación de las inscripciones que produjeron las referidas escrituras.

Quinto. Que se condene a los demandados a entregar a los demandantes la descrita finca y sus productos o que en su defecto se les condene a pagar a los demandantes la suma de treinta y siete mil quinientos dollars por el valor de la finca y sus productos, e indemnización de daños y perjuicios.

"Y por último los demandantes suplican a la corte se sirva concederles el remedio general de que el caso sea susceptible por su naturaleza y proceda en justicia."

Los demandados Pedro Arzuaga y Victoria Bolker excepcionaron la demanda en los términos siguientes:

"Comparecen ahora ante la corte, los demandados Pedro Arzuaga Beraza y Victoria Bolker en el pleito arriba expresado por medio de sus abogados que suscriben y excepcionan la demanda por los motivos siguientes a saber:

"Primero.  Bajo el fundamento de indebida acumulación de parte demandada en cuanto á Pedro Arzuaga Beraza que ha sido impropiamente incluído en la demanda.

"En el presente pleito se demanda a Ignacio Arzuaga bajo las alegaciones (*a*) de haber declarado en su testamento que la finca en litigio pertenecía a Manuel Sosa Gil, (Párrafo IV), y (*b*) de haber comunicado instrucciones terminantes a su apoderado Pedro Arzuaga Beraza para que efectuase el traspaso de dicha finca al Sosa por precio que ya tenía recibido anteriormente.

"Siendo esto así, es Arzuaga Izaguirre, por los términos de su testamento y por las admisiones que encierran las instrucciones dadas a su apoderado, la única persona obligada a efectuar el traspaso de finca que ordenó al apoderado, y en caso de que tal traspaso no fuere posible hoy, a indemnizar los perjuicios que haya determinado el incumplimiento de tal mandato por parte del apoderado, el que será responsable para con el mandante de tal incumplimiento, pero nunca con terceras personas cual son los demandantes, no obligados a él por vínculo ni relación jurídica de ningún género.

"Segundo. Bajo el fundamento de que tal demanda no aduce hechos bastantes para determinar una causa de acción contra Pedro Arzuaga por haber actuado éste con el carácter de apoderado de Ignacio Arzuaga y resultar su personalidad de mandatario, fundida en la del mandante para todos los efectos del contrato en relación con terceras personas.

"Por lo expuesto los demandantes suplican a la corte sostenga las excepciones previas que por la presente formulan."

Se deduce del récord que Ignacio Arzuaga vive en España, pero no consta donde reside Francisco Yeregui. Parece que fueron citados por medio de edictos, pero que no comparecieran en la fecha de la vista.

El juez de la corte de distrito emitió la siguiente:

"Opinión sobre excepciones previas a la demanda enmendada.

"Según la demanda, Don Manuel Sosa Gil, el causante de

los demandantes en el año 1895 vendió una finca a Don Igna
cio Arzuaga Izaguirre.   En el propio año 1895, Don Ignacio
otorgó su testamento, declarando que la finca no era verda-
deramente de él, y ordenando a sus albaceas en el caso de
su muerte, si no hubiera traspasado antes la finca a Don Ma-
nuel o a sus herederos, que hicieran tal traspaso.

"En 1897, Don Pedro Arzuaga como apoderado de Don
Ignacio, vendió a Don Francisco Yeregui, quien más tarde la
vendió a Doña Victoria Bolker.   Estos cuatro individuos, Don
Ignacio y Don Pedro Arzuaga, Don Francisco Yeregui y
Doña Victoria Bolker, son los demandados en esta acción.
Don Ignacio, según parece, vive en España.

"Por parte de Don Pedro Arzuaga y Doña Victoria Bol-
ker, se ha presentado la excepción previa de que la demanda
enmendada no aduce hechos suficientes para constituir una
causa de acción.

"La corte sigue en la misma opinión expresada en su de-
cisión de 4 de enero de 1910, y la demanda enmendada presen-
tada en febrero de 1910 no aduce ningún hecho para cambiar o
modificar tal opinión de la corte.

"Don Ignacio si ha procedido injustamente para con Don
Manuel Sosa Gil y sus herederos, tiene la oportunidad de re-
compensarlo.   Don Pedro es su apoderado.   El testamento
de Don Ignacio y las instrucciones a sus albaceas incluída en
tal testamento, no entran en vigor hasta la muerte de Don
Ignacio.

"Se elimina de la demanda enmendada en su alegación
las palabras 'su concubina.'   El estado de cosas que tales pa-
labras indican puede ser materia de prueba; la alegación no
es necesario que conste en la demanda.

"Se declara con lugar la excepción previa en cuanto a los
demandados Don Pedro Arzuaga y Doña Victoria Bolker,
con costas a los demandantes.''

Posteriormente la corte dictó la siguiente:

''Sentencia.

''Por cuanto, el dia veinte y cuatro de marzo de mil novecientos once y por los fundamentos de la opinión escrita que aparece unida a los autos, la corte dictó una resolución en este caso, declarando con lugar la excepción previa en cuanto a los demandados Don Pedro Arzuaga y Doña Victoria Bolker, con costas a los demandantes.

''Por cuanto, el día veinte y nueve del mismo mes y año el abogado de los demandantes Sr. Benedicto, presentó una moción a la corte solicitando se dictase una sentencia definitiva en este caso para que fuera debidamente registrada.

''Por tanto, la corte accede a lo solicitado y resuelve declarar como por la presente declara como una sentencia definitiva la resolución de las excepciones previas dictada en este caso el día veinte y cuatro de marzo de mil novecientos once, debiendo el secretario registrarla en el libro destinado a ese efecto.

''Pronunciada en cámara el día veinte y nueve de marzo de mil novecientos once, e inscrita *nunc-pro-tunc* hoy 19 de mayo de 1911, por no haberlo hecho en su oportunidad.''

De lo que precede se ve que las excepciones a la demanda sobre las que versó la decisión del caso, se basaron en dos fundamentos distintos: primero, indebida acumulación de partes; y segundo, insuficiente exposición de hechos.

Los demandados alegan que Pedro Arzuaga ha sido impropiamente incluído como demandado en el presente caso, puesto que sólo actuaba como apoderado de Ignacio Arzuaga; siendo éste la única persona obligada a efectuar el traspaso de la finca a los demandantes, y, de no hacerlo así, a indemnizarles por los perjuicios causados por su falta de cumplimiento en este particular. Los demandados no parecen haber comprendido todo el objeto de la demanda que claramente se desprende de su texto y particularmente de la súplica elaborada con que termina. No es ésta una acción para obligar a ninguno de los demandados a que haga el traspaso de la finca

en litigio a los demandantes o para que se les indemnice por incumplimiento en efectuarlo. Pero es una acción de reivindicación de la finca, solicitando la cancelación de las escrituras de venta otorgadas por algunos de los demandados entre sí, fundándose en que no medió precio alguno, siendo fraudulentas, con infracción de los derechos de los demandantes y en menoscabo de sus intereses, y para que se cancelen las inscripciones de dichos documentos y se declare nula la manifestación hecha en la escritura de partición, la que se alega haber sido hecha obedeciendo a ignorancia de los hechos, producida por engaños cometidos por dos de los demandados contra los demandantes; siendo también el propósito de la acción recobrar el valor de los productos y utilidades de la finca, y, en caso de que no fuera posible restituir a los demandantes de la finca, el valor de ésta, ascendiendo todo en conjunto a la cantidad de $37,500. No se ha hecho objeción alguna a la demanda con motivo de existir multiplicidad de acciones, y este punto no requiere por lo tanto nuestra consideración.

Adoptando el concepto restringido antes indicado del objeto de esta acción, los demandados, en apoyo de su proposición, citan el artículo 1627 del Código Civil de Puerto Rico y los comentarios de Scaevola sobre el artículo correspondiente (1,725) del Código Civil Español. Este artículo del Código no tiene aplicación al caso que nos ocupa, como puede verse fácilmente de un simple examen del mismo, puesto que los demandantes no son los individuos con quienes el apoderado, Pedro Arzuaga, hizo el contrato y no están tratando de hacerle responsable para con ellos fundándose en dicho artículo. Siendo así, la muy lógica y luminosa discusión de Scaevola en la página 531 del tomo 20 de su obra, no puede aplicarse a la consideración de las cuestiones que aquí se presentan.

Esta es una demanda sobre reivindicación de inmueble y nulidad de escrituras, solicitándose la cancelación de ciertas inscripciones en el registro de la propiedad. Por este motivo es indispensable incluir como demandados a todas aquellas personas que intervinieron en el otorgamiento de los docu-

mentos cuya nulidad se pide, que son las mismas a cuyo favor se practicaron las inscripciones que se trata de cancelar, por lo que es preciso, para obtener dichas cancelaciones, que sean oídas y vencidas en juicio.

En la demanda se solicita además que si no es posible la devolución del inmueble a sus legítimos dueños, se condene a los demandados a pagar a los demandantes el valor de la propiedad y además una cantidad que se alega en la demanda ser productos y utilidades de la finca durante el tiempo que sus legítimos dueños han sido privados de ella.

La alegación de que el apoderado desobedeció las instruc-ciones de su mandante y que ha sido considerada tan impor-tante por los demandados, se ha hecho solamente como intro-ducción o como preliminar a la reclamación de los deman-dantes de que se les había privado fraudulentamente de su finca por los referidos demandados, incluyendo los dos que presentaron las excepciones previas.

De la demanda se desprende, y después de considerar la excepción previa hay que admitirlo como cierto, que el apo-derado, Pedro Arzuaga, voluntaria y maliciosamente, y con el objeto de beneficiarse en perjuicio de los demandantes, hizo todo lo contrario de las instrucciones que había recibido de su poderdante, simuló escrituras de compra venta, y vino por fin a quedarse con la finca y con sus utilidades y pro-ductos, la que debió haber traspasado a los demandantes:

Es un principio de ley bien establecido y que es bien casi universal, que toda persona que por medio de fraude, culpa o negligencia, causa daño a otro, está obligada a reparar el daño causado. (Art. 1803 del Código Civil.)

Las autoridades americanas que se expresan en el mismo sentido son tan numerosas que es difícil escoger de entre ellas; sin embargo, citaremos algunas: 1 Sutherland on Damages, secciones 1-2 *et seq.; Milwaukee, etc., R. R. Co.* v. *Arms,* 91 U. S., 492; *Smith* v. *Sherwood,* 2 Tx., 462; *Bar-tholomew* v. *Bentley,* 15 Ohio, 649; 45 Am. Dec., 596; *First Baptist Church* v. *S. & T. R. R. Co.,* 5 Barb. N. Y., 79.

De aquí se desprende que cuando ha habido culpa o negligencia de parte del apoderado, como sucede en el presente caso, admitiendo las alegaciones de la demanda como ciertas, dicho apoderado es el llamado a responder de los daños que haya causado; y en este sentido no sólo puede incluirse como demandado, sino que es parte indispensable en este pleito para que pueda éste resolverse justamente, y se haga completa justicia.

Es verdad, según se expresa el juez sentenciador, que el testamento de Ignacio Arzuaga y las instrucciones contenidas en tal testamento no entran en vigor hasta que ocurra su fallecimiento. Pero no debe pasarse por alto el hecho de que para los fines de esta excepción deben admitirse como ciertas las alegaciones de la demanda, y en ella se alega:

"XII. Que Pedro Arzuaga tenía instrucciones terminantes de su poderdante Don Ignacio Arzuaga para traspasar a Don Manuel Sosa Gil la finca anteriormente descrita, cuyo precio había recibido ya desde mucho antes, y dicho apoderado, apartándose por completo de las instrucciones recibidas y obrando de su cuenta y riesgo verificó las operaciones antes indicadas con notorio perjuicio del verdadero dueño de la finca que había pagado a Don Ignacio Arzuaga el total valor de la misma."

No se hace mención en esta alegación del testamento de Ignacio Arzuaga y puede suceder, y así puede presumirse, por las manifestaciones contenidas en la demanda, que estas instrucciones le fueron dadas por el poderdante a su apoderado ya verbalmente ya por medio de cualquier otro documento que no fuera el testamento, el cual contenía instrucciones solamente para los albaceas encargados de hacer cumplir el testamento de Ignacio Arzuaga, y no para su apoderado.

El tribunal sentenciador dice además en su opinión que si Ignacio Arzuaga ha procedido injustamente para con los demandantes, puede en cualquier momento recompensarles por ello. Esto es cierto, pero no lo ha hecho, por lo que se des-

prende del récord, y el objeto de esta acción es el obtener tal desagravio. Por lo tanto, nos parece, al menos por lo que respecta al primer punto en las excepciones presentadas contra la demanda, que el tribunal sentenciador careció de suficientes razones para declarar con lugar la excepción previa.

En cuanto al segundo fundamento en que se basa la excepción previa, a saber: que la demanda no aduce hechos suficientes para constituir una causa de acción, vamos a examinarla bajo un punto de vista algo diferente al adoptado por los apelados. Las alegaciones de la demanda pueden extractarse en la forma siguiente:

Los demandantes que constituían la sucesión de Manuel Sosa Gil, y en una acción contra los demandados, alegan que Manuel Sosa Gil era el único dueño legítimo de cierta propiedad rural que se describe, inscrita a su favor el 24 de febrero de 1895. Esta propiedad fué vendida a Ignacio Arzuaga Izaguirre en $2,000. Por convenio mutuo se declaró nula esta venta y este hecho fué consignado por el mismo Ignacio Arzuaga en su testamento otorgado el 24 de mayo de 1895, en el cual ordenaba a sus albaceas que otorgaran a su fallecimiento, si él antes no lo hiciera, escritura de venta de dicha finca a favor de Manuel Sosa Gil, de quien se había recibido el precio de la venta, debiéndose consignar así en la escritura. El objeto de este pleito lo forma la dicha finca mencionada en el testamento de Arzuaga y llamada Canovanillas. Manuel Sosa Gil murió el 23 de febrero de 1899, habiendo nombrado como albaceas en primer lugar a Ignacio Arzuaga, y en segundo lugar a Francisco Yeregui. El 15 de marzo de 1897, Francisco Yeregui en su capacidad de albacea procedió en unión de algunos de los herederos de Sosa a hacer la división de los bienes que dejó éste, sin hacer mención de la finca mencionada y manifestando que Sosa Gil no poseía otros bienes. En 1904, habiendo llegado a conocimiento de los herederos de Manuel Sosa Gil la manifestación hecha por Ignacio Arzuaga en su testamento, reclamaron aquéllos a los demandados la devolución de la otra finca, mas

sin resultado alguno.    El 24 de abril de 1897, Pedro Arzuaga, como apoderado de Ignacio Arzuaga, vendió a Francisco Yeregui la finca descrita, en $2,000, que manifestó él haber recibido anteriormente.    Algún tiempo después Francisco Yeregui otorgó una escritura de venta de dicha finca a favor de Victoria Bolker consignando como precio de venta $10,000, y acusando recibo por dicha cantidad.

Que las ventas hechas por Pedro Arzuaga a Yeregui y por éste a favor de Victoria Bolker fueron simuladas y fraudulentas, sin mediar precio alguno y hechas con el solo propósito de perjudicar a los demandantes.    Pedro Arzuaga había recibido instrucciones terminantes de su poderdante de traspasar la finca descrita a Manuel Sosa Gil, cuyo precio de venta había recibido, con perjuicio evidente del verdadero dueño de la finca.    Todos los demandados tuvieron conocimiento del hecho de que la finca pertenecía a la sucesión de Sosa Gil y no a Ignacio Arzuaga, habiendo ellos realizado las transacciones mencionadas con el objeto de privar a los demandantes de sus legítimos derechos.    Los demandantes alegan que Pedro Arzuaga y Francisco Yeregui están ahora en posesión y disfrute de la finca, de la cual aparece como dueña Victoria Bolker, reteniendo para sí sus productos y utilidades.    El valor de la finca que se les ha quitado es de $15,000 y el de los productos de la misma, $22,500.

Indudablemente que estas alegaciones aducen una causa de acción y esto es todo lo que hay que resolver por ahora respecto a esta fase del caso.

Los argumentos y autoridades presentadas por los apelados en apoyo de su segunda excepción están todos basados en las mismas proposiciones que se adujeron en la discusión de la indebida acumulación de partes; y se ha hecho depender la segunda excepción de la primera, de modo que habiéndose destruído el fundamento de la primera, la segunda tiene que caer con ella.    Pedro Arzuaga ha sido demandado individualmente y nó únicamente como apoderado de Ignacio Arzuaga.    Ninguna de las autoridades tomadas por el abo-

gado de los apelados del tomo 31 de Cyc. tiene aplicación a la cuestión de la suficiencia de las alegaciones en la solicitud para constituir una causa de acción, excepto si se consideran en relación con la solidez de la doctrina alegada con referencia a la indebida acumulación del apoderado como parte propia en este pleito, o al menos teniendo en cuenta la solidez de la referida doctrina.

Por consiguiente, consideradas bajo el debido punto de vista, según nos parece a nosotros, las excepciones presentadas por los demandados, Pedro Arzuaga y Victoria Bolker a la demanda, no estuvieron bien fundamentadas y no debieron haberse declarado con lugar. Por las razones consignadas debe revocarse la sentencia dictada en el presente caso por la corte inferior y devolverse la causa al tribunal sentenciador con instrucciones de desestimar las excepciones previas y de proseguir con el pleito según lo requiera la ley.

*Revocada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.